## HARTOG v. LONG.

### Patent Appeal No. 2610.

Court of Customs and Patent Appeals.

Feb. 25, 1931.

Wm. L. Symons, of Washington, D. C. (Bacon & Thomas, of Washington, D. C., and Rippy & Kingsland, of St. Louis, Mo., of counsel), for appellant.

Swan & Frye, of Detroit, Mich. (Wm. M. Swan and Geo. Rex Frye, both of Detroit, Mich., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

On August 13, 1919, the appellee, Elmer C. Long, filed his application, serial No. 317,-273, for an improvement in pistons for internal combustion engines. On February 16, 1920, the appellant, Stephen D. Hartog, filed a like application for patent, serial No. 359,-137. On July 7, 1923, an interference proceeding was instituted and declared between said copending applications and other applications.

As originally framed, this interference had but a single count herein known as count 1. Thereafter, said interference had consolidated with it an interference No. 49,581, which originally was set up with but a single count and which now constitutes count 2 of this interference. This interference was based on an application by Long, serial No. 281,175, of March 7, 1919. By a subsequent action of the Patent Office, interference Nos. 49,581 and 49,585 had been consolidated, the latter having also but a single count, which constitutes count 3 of the present interference, and which was also based upon the present application of Long of August 13, 1919. It will thus be seen that the three counts are taken from three separate interference proceedings, but which are between the same

parties, and with closely related subject-matter.

On a hearing of this interference, after the taking of testimony, the Examiner of Interferences awarded priority on all counts to Long, the senior party. On appeal to the Board of Appeals, priority was awarded to the junior party Hartog as to count 1, while the decision of the Examiner as to counts 2 and 3 was affirmed. Hartog has appealed from that decision.

It is conceded by the parties that the sole and only question here is as to the priority of conception and disclosure of the parties of the invention, as set out in counts 2 and 3 of the interference.

We had one branch of this litigation before us in Jardine v. Hartog, 36 F.(2d) 606, 17 C. C. P. A. 764, where the decision of the Commissioner of Patents awarded priority to the party Hartog on counts which were as follows:

"Count 1. In a piston of the class described, a cup-like head comprising a pressure receiving end and a wall portion, a skirt circumferentially disconnected from the wall portion of the head and divided from end to end, and skirt carriers connecting said skirt to the pressure receiving end, said skirt carriers being disconnected from the wall portion of the head and susceptible of being slightly flexed radially.

"Count 2. A piston comprising a head, a skirt having resilient sections separated from said head by a slit extending continuously around the piston, and means for yieldingly connecting said skirt sections with said head."

The record made by Hartog, in that interference, is identical with the record filed in this interference. Although the counts therein are confined to the device which is the subject-matter of count 3 of this interference, there is no evidence in that record which leads to any different conclusion of facts here on either counts 2 or 3. In the case cited, we held that Hartog conceived and disclosed the invention to others "as early as December 1918; that neither party had reduced the invention to practice prior to the filing of their respective applications." Inasmuch as no other or different record is here presented, we are not justified in coming to any other conclusion as to Hartog's conception or disclosure than as above stated.

We observe that the piston described in count 2 is distinctly different in formation from that described in count 3, in this respect, mainly, that the piston set out in said

count 3 has a head which is separated from the skirt portion of the piston by an annular slot cut entirely through the thickness of its peripheral wall, while the piston, the subject of count 2, has slots extending only part of the way around said wall of the piston.

Both of the Patent Office tribunals found that Long had established conception and disclosure to others early in the year 1916 of the piston known as case D, and which piston was of the split skirt type, but without a circumferential slot completely separating the head from the skirt. Hartog questions this finding, and insists that the testimony offered in support of Long's claims in this respect is uncertain, unsatisfactory, and uncorroborated. We have read this record, in view of these suggestions, with much care, and we are unable to agree with Hartog's contentions in this regard. Long, according to his testimony, not only conceived and disclosed this piston in the early part of 1916, but the evidence is quite satisfactory that during the same year, or at least in the early part of 1917, it was reduced to actual practice and used in automobiles.

Louis M. Stellmann, a witness whose testimony displays an intelligent grasp of the situation, and who was, at that time, chief engineer of the Franklin Manufacturing Company, testifies that in the early part of the year 1916 he talked with Long, and that Long displayed to him and others a piston of the type in question and which, according to his testimony, may be read plainly upon the second count of the interference. The witness Cotter testified that he made such a piston during this period. Long's testimony is further corroborated by the witness Royalty, and by other witnesses whose testimony appears in the record. No doubt is left in the reader's mind, from an inspection of this testimony, that Long had a complete conception, and made a complete disclosure, of this invention at that time.

As to the subject-matter of count 3, that is, a piston having a head separated from the skirt by a circumferential slot, the testimony, in our opinion, is sufficient to establish a conception and complete disclosure by Long, in the summer of 1917.

It is suggested by counsel for Hartog that in the record now before us there is no testimony by Long on this subject. However, the parties hereto have stipulated that the testimony taken and incorporated in interference No. 49,569, 47 F. (2d) 365, which, in turn, incorporated the record in interference No. 49,570, 47 F. (2d) 367, might be filed and considered in this case. It is stated by counsel for appellee that, by inadvertence, a deposition of the party Long had been omitted from this record, and reference is made to the record in interference No. 49,570 to supply the deficiencies in this respect. The failure to incorporate a copy of said record in the printed record in this case has occasioned the court some difficulty in the examination of the testimony in the case, and is regrettable. However, the stipulations are sufficient to include the omitted portion, and, rather than to decide this controversy as to count 3 on a technical error in the printing of the record, we have concluded to, and have, examined the record in said companion interference.

The testimony is quite sufficient to show that Long conceived, disclosed, and constructed a piston known as style F, and which was of the type covered by count 3 of the interference, in the summer of 1917. The witness Cotter fully corroborated this. Not only is this true, but it is apparent he installed such pistons in one or more Franklin automobiles during that year. The witness Royalty tells of discovering pistons of this type in a Franklin car upon which he was working in the summer of 1918, which pistons were undoubtedly, from the testimony, made by Long.

The weight of the testimony is plainly in support of the decision of the Board of Appeals as to both counts 2 and 3. The decision of the Board of Appeals is affirmed.

Affirmed.